DAWKINS, J.
Plaintiffs sue for personal injuries alleged to have been received in the collision of an automobile, driven and occupied by them, with a street car belonging to the defendant company. The negligence' charged is that the motorman of the defendant was running the street car at an excessive rate of speed, and failed to sound his-gong as a warning of its approach.
The answer admits the collision, but avers that the defendant does not know whether the plaintiffs were the occupants of the automobile or not, and charges contributory negligence on the part of the chauffeur, whoever he may have been.
The case was tried before the lower judge without a jury, who gave judgment for Rev. Daull in the sum of $1,000, and in favor of Miss Cuneo for $700. Defendant appealed, and plaintiffs have answered, praying that the amountá allowed be increased to the sums originally demanded, $5,000 and $3,000, respectively.
Opinion.
Nashville avenue and Coliseum street, in the city of New Orleans, cross approximately at right angles. The former is a wide, paved thoroughfare, of some 50 feet from curb to curb, with banquettes on either side about 15 feet in width, and making a total breadth, from property line to property line, of approximately 80 feet. Coliseum street is unpaved and narrow, having a width of between 35 and 40 feet from property line to property line. The car track of defendant is laid on the latter, and at the time of the occurrence out of which this suit grows street cars ran only in a northerly direction, or down town, across Nashville avenue, to the knowledge of the plaintiffs.
[1, 2] On April 1, 1918, at about 3:30 p. m., the automobile, driven by Rev. Daull, and by whom Miss Cuneo was sitting on the front seat, with two small girls on the rear seat, entered Nashville avenue at Chestnut street, a block distant from the street car crossing, in the direction of the Mississippi river, and proceeded toward St. Charles avenue, according to the testimony of the plaintiffs, at a rate of speed of between 12 and 15 miles an hour. When within about 150 feet of the car track, or say the middle of the block, Rev. Daull says that he looked up Coliseum street in the direction from which he knew the cars came, sounded his horn, and, seeing and hearing nothing, continued on toward 'the car line, at the same speed; that when within 8 or 10 feet of the crossing he again looked, and discovered the street car almost upon him; that, realizing he could not stop before getting upon the track, he turned to the right or lower side of the avenue, and speeded up his machine, in the hope of clearing the rails before the car reached him. This he failed to do. The automobile was struck about the rear left wheel and pushed or steered upon the downtown banquette of the avenue. It continued down the banquette in the direction of St. Charles avenue a distance variously estimated from 30 to 100 feet, and finally turned over, with its nose or front pointing back in the direction from which it had come, toward the river. The street car was stopped about where it customarily takes on passengers, or with its rear end opposite or near the line of the sidewalk on Nashville avenue. The distance *1015 which it moved after striking the automobile is also variously stated to have been from 38 to 57 feet We conclude that it must have, been between 45 and 50 feet. As to the point at which the impact occurred, the record is not entirely clear; but, taking into consideration all of the other proven facts, we conclude that it must have been very close to the downtown or right-hand curb of Nashville avenue, looking in the direction that the automobile was traveling. Neither is the evidence clear as to just how close one in an automobile, traveling in the direction that plaintiffs were going, would have to get to the street car crossing in question before a view could be had up Coliseum street in the direction from which the car came for a distance of say half a block, or approximately 150 feet; but we think it reasonably established that this could be done at a distance of 40 or 50 feet, considering the widths of the two streets and the distance of the buildings from the track on the river side of Coliseum street. In this situation, both the motorman and .the driver of the automobile could, by the exercise of reasonable care, have seen each other in time to have stopped and avoided the collision. As stated heretofore, it was not contended by Rev. Daull in his testimony that he either slackened the speed of his automobile or again looked for the approach of the street car, after having done so about 150 feet away, until within 8 or 10 feet of the crossing, and at which time it was too late to prevent the accident. We do not think that the record shows the street car to have been running at an excessive rate of speed, in view of the distance, 45 to 50 feet, in which it was stopped; still the motorman did not see the automobile as soon as he should have, under the circumstances, and was guilty of negligence, which, in the absence of concurring negligence on the part of the occupants of 'the machine, would render defendant liable in damages. However, Rev. Daull also failed to keep a proper lookout for the street car, and his negligence'contributed proximately to the accident. It is not sufficient that one who is about to cross a railroad track should look and listen only once, and so far away that his precaution will be of no benefit; but the law requires that he shall continue to keep a watchout at least up to such a point that his observations will be of some avail. Leopold v. Texas & Pacific Ry. Co., 144 La. 1000, 81 South. 602.
It does not appear to have been contended in either the argument or briefs that the right of Miss Cuneo to recover is any stronger than that of Rev. Daull, and we see no reason, in this instance, why it should be.
For the reasons assigned, the judgments appealed from are therefore annulled and reversed, and it is now ordered and decreed that the demands of the plaintiffs be and the same are hereby rejected, at their costs.
O’NIELL, J., dissents from the ruling that Miss Cuneo has no better right of action than the driver of the automobile had, which ruling he regards as being inconsistent with the decision in Broussard v. La. Western Railroad Co., 140 La. 521, 73 South. 607; Jacobs v. Jacobs, 141 La. 272, 74 South. 992, L. R. A. 1917F, 253; Peterson v. N. O. Ry. & Light Co., 142 La. 835, 77 South. 647; Maritzky v. Shreveport Railways Co., 144 La. 692, 81 South. 253; and Luke v. Morgan’s La. & T. R. R. & S. S. Co., 84 South. 483,[1] No. 22,693, decided to-day — all maintaining, as a rule, that a person who rides as an invited guest of the driver of an automobile or other vehicle is not to be blamed for negligence on the part of the driver.

 Ante, p. 30.