## No. 10,214
### Orleans

---

## MRS. STELLA TOLLIVER, ETC., v. CHECKER CAB CO., INC., Appellant

---

(November 30, 1925, Opinion and Decree)
(December 14, 1925, Rehearing Refused)
(February 1, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest — Automobiles — Par. 4 (d).**

It is the duty of courts to rigidly enforce the traffic ordinances in order to insure public safety. Those who violate them must pay damages caused by their violation.

**(Civil Code, Art. 2315. Editor's note.)**

Appeal from First City Court, Division "B". Hon. Val J. Stentz, Judge.

This is a damage suit arising out of an automobile accident which injured a child.

Judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Geo. Piazza, of New Orleans, attorney for plaintiff, appellee.

Paul Fourchy, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.   This is an automobile damage suit.

The plaintiff, as tutrix of her child, aged seven years, alleged that on February 19, 1925, at 6:30 p. m., her child, Lawrence, was crossing the intersection of N. Rampart and Iberville streets, lake side, going up Rampart street; that while he was in said intersection a taxicab operated by defendant backed from Rampart into Iberville, and while so backing struck and knocked down plaintiff's child; that Iberville street is a one-way street for traffic going towards the river; that said cab while backing was going towards the lake in violation of City Ordinance 7490 C. C. S., adopted August 11, 1923; that the wheels of the cab passed over the child's abdomen, causing contusions and much pain; plaintiff claims $20.00 for herslf for doctor and medicine and $280.00 for the child for physical pain and mental anguish.

The defendant denied all the allegations of plaintiff's petition and further averred "that if any accident occurred at the time and place mentioned it was the result exclusively of gross negligence of the alleged injured party in running across the street in violation of the traffic laws and regulations of the city of New Orleans".

There was judgment for plaintiff for $75.00 and the defendant has appealed.

In this court the plaintiff, as tutrix, has asked for an increase of the judgment to the amount claimed, $300.00.

The testimony in this case is wofully conflicting.

There are only two witnesses for the plaintiff, the child itself and one Archambeault.

The child testified that in company with another boy eleven years old, not produced as a witness, he was going up the lake side of Rampart street towards Canal; that when they reached Iberville street and were in the act of crossing it, a cab that was parked on Rampart backed to turn into Iberville towards the lake and knocked him down, and that two of its left side wheels ran over him.

Archambeault was standing on the downtown river corner of Rampart and Iberville. He saw the accident, although it was after 6:30 p. m. in February. He corroborates the child, and repeats that two wheels of the cab passed over the child's stomach.

Joseph Bistes, the president of the Checker Cab Company, testifies that the weight of the car is 3300 pounds, net weight, that is without the accessories, which include extra tires, lights, etc.

Three witnesses testified for the defendant. Percy Marchadie, who is chauffeur for the defendant company and who was driving the cab that ran down the child; Alex Smith, chauffeur for Toye Bros., and Maurice Baccarat, automobile salesman for Baumley Service Station. They all three testify that defendant's cab was parked on the downtown side of Iberville street, or on the left side of the street in the direction of traffic at about fifteen or twenty feet from the corner of Rampart street, not discharging passengers; that several children were playing in Iberville street, running back and forth; that accidents are very frequent at that place; that the telephone rang and Marchadie, who was driving the second car from Rampart street, answered the phone and returned to his cab; he backed in order to avoid the first car; while so doing the plaintiff

child ran behind his car and was struck and knocked down; that the wheels did not pass over the child; that they picked the child up and carried him to the hospital; that the police arrested Marchadie and charged him with reckless driving and causing injury; his license was taken away; he was tried and put under bond. At the time of the accident the witness, Alex Smith, was engaged in conversation with Mr. Abadie and Mr. Gillard. Neither was produced as a witness.

We do not find it necessary to reconcile the conflict in the testimony. We prefer to rest our opinion upon the clear violation by the defendant of the traffic ordinance which caused the accident.

We quote from Ordinance 7490, C. C. Series, adopted August 11, 1923:

Article 1 S. 1 p. 2: "A vehicle, except when passing a vehicle going in the same direction, shall keep to the right and as near the right-hand curb as possible."

S. 15, p. 14: "The following are designated one-way streets, and traffic shall move on said streets only in the direction herein designated: * * * Iberville street, east, N. Franklin to N. Peters."

Article III, S. 3, p. 21: "On all other streets it shall be unlawful for any vehicle to stop or stand except with the right-hand side of such vehicle not more than one foot from sidewalk curb and heading in the direction of traffic."

S. 4: "On one-way traffic streets vehicles will be permitted to stop only on the right-hand side of the street, except where necessary for loading and unloading, in which case vehicles may be permitted to stand closely against the left-hand curb for such length of time as may be reasonably necessary."

S. 5: "No vehicle shall park within twenty-five feet of a street intersection measured from the intersection of the sidewalk curb, nor within sixty feet of any intersection of boulevards."

Section 1, S. 1, p. 1: "Boulevard: Any street or avenue with a neutral ground or parking in its center and roadway to either side thereof."

We find that the defendant violated each one of the above sections. They were parked upon the left hand of the street instead of upon the right, and stood nearer Rampart Boulevard than the ordinance permitted. If they had not occupied that prohibited position the accident would not have happened.

In Bianchi vs. Mussachi, 1 La. App. 291, this court said:

"It is the duty of courts to rigidly enforce the traffic ordinances in order to insure public safety. Those who violate them must pay for the damage resulting from a collision."

The only remaining question is the amount of the damages.

After the accident the child was taken to the hospital by defendant's chauffeur and put to bed; he remained there until the next afternoon when he was taken home; his left side was bruised and his left leg was injured; he complained of his side and was restless at night for about a week; he was kept away from school for two months; there is no evidence of his injury; there were no doctor's fees.

We will increase the amount allowed by the City Court to one hundred dollars.

It is therefore ordered that the judgment appealed from be amended by increasing the same to one hundred dollars; as thus amended the judgment is affirmed at the cost of defendant in both courts.