YOUNG v. SMYTHE

---

(April 11, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest — Automobiles — Par. 4 (d).**

In determining the fault of drivers of colliding automobiles, infractions of the traffic ordinance largely influence the deliberations of the court.

Appeal from First City Court, Section "B". Hon. Val J. Stentz, Judge.

Action by Charles S. Young against E. Smythe.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Lemle, Moreno, Lemle, of New Orleans, attorneys for plaintiff, appellee.

A. R. Christovich, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.    This suit results from a collision between a Jewett sedan owned and driven by plaintiff and a Ford coupe, owned and driven by defendant. Plaintfif claims $185.50 as damages to his Jewett car.

There was judgment for plaintiff and defendant has appealed.

Plaintiff was proceeding down Carondelet street in the direction of Canal street and defendant out Fourth street in the direction of the lake. The collision occurred in the intersection of Fourth and Carondelet streets.

There is the usual conflict of evidence as to the speed of the colliding cars and we find its impossible to determine which car offended in that regard. However, defendant had the right of way because he was approaching from plaintiff's right, neither street being accorded a right of way under the traffic ordinance. (C. C. S. 7490.)

Art. 1-7 (c) of that ordinance provides:

"On all other streets, and at intersections of right of way streets with one another, all vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right."

Plaintiff was under the impression that he had the right of way because of greater traffic on Carondelet street than on Fourth. Perhaps Carondelet street should be pre-ferred to Fourth for the reason given by plaintiff, but, as yet, the ordinance does not so provide. We attribute the accident to plaintiff's mistaken belief in his having the right of way.

It is frequently very difficult to determine which of the two drivers of colliding automobiles is at fault, particularly so at intersections. In reaching a conclusion infractions of the traffic ordinance, where there is proof to that effect, largely influence our deliberations. We know of no better method of relieving the present congestion of vehicular traffic on our city streets, and the consequent danger to life and limb, than the enforcement of laws governing that traffic. It is the duty of the court, in considering claims for damages resulting from a disregard of the provisions of that law, to emphasize the fact.

The judgment appealed from is reversed and it is now ordered that there be judgment in defendant's favor dismissing plaintiff's suit.