No. ——

First Circuit

———

SOUTHERN SURETY CO.

v.

MORGAN'S L. & T. R. R. & S. S. CO.

—— —

(June 7, 1927.  Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Insurance—Par. 104.

The insurer after paying the insured for injuries inflicted in a railway accident has a right of action against the railway company.

2. Louisiana Digest—Railroads—Par. 61, 62.

Where a train of box cars is slowly backed over a crossing without making sufficient noise to attract the attention of one using the crossing the railway company is at fault for not better safeguarding the public.

3. Louisiana Digest—Automobiles—Par. 6.

One who rides as a guest or passenger in an automobile cannot be imputed with the negligence of the driver over whom he had no control.

4. Louisiana Digest—Interest—Par. 25, 26. —Appeal—Par. 759.

Interest should be allowing from judicial demand and where not so allowed, will be considered a clerical error and corrected as such.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by Southern Surety Company against Morgan's L. & T. R. R. & S. S. Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Borah, Himel, Bloch & Borah, of Franklin, attorneys for plaintiff, appellee.

Brumby & Bauer, of Franklin, attorneys for defendant, appellant.

LECHE, J.  On September 28, 1925, Frank J. Husband, an employee of the Gulf Crushing Company, was injured as a result of a collision between an automobile in which he was riding and a train of defendant company. Husband, at the time he was injured, was actually engaged in the performance of services arising out of and incidental to his employment. He received as compensation for his injury, the sum of one hundred sixty-six and 83-100 dollars. This amount, as well as an additional sum of sixty-five dollars, was paid by the plaintiff under an insurance policy which it had issued to the Gulf Crushing Company. The present suit is for the recovery of this amount, viz: two hundred thirty-one and 83-100 dollars from defendant, on the ground that the accident in which Husband was injured was the result of the fault and the negligence of the defendant.

1. The first question at issue on this appeal is whether plaintiff has a right of action against defendant. That is answered in the decision of London Guarantee & Acc. Ins. Co. vs. Vicksburg, S. & P. R. Co., 153 La. 287, where the court held: "Insurer paying compensation under Act 20 of 1914 has right of action against third person responsible for the injury, etc."

2. The next question is whether the accident resulted from the fault and negligence of defendant.

Husband was an engineer in the employ of the Gulf Crushing Company, and at

the time of the accident was assisting H. J. Boudreaux, a contractor, in repairing an engine belonging to the Gulf Crushing Company. When the work was nearly completed, Boudreaux needed some shellac to seal the gasket of a cylinder head and there being none on the ground, he asked Husband to go and get the needed shellac. This took place on the outskirts of the town of Morgan City, where the crushing company's factory is situated. In order to save time, Boudreaux tendered the use of his Ford sedan to go into town at Shannon's Hardware Store, where the shellac could be gotten. Husband was in the employ of the crushing company and although he was working under the instructions of Boudreaux, his labor was furnished and paid for by the crushing company, his employer, under the contract with Boudreaux. Boudreaux then got into his automobile with Husband and drove to Shannon's store, where Husband got out and bought the shellac for account of the crushing company. On his return to the crushing company's plant, Boudreaux drove along First Street, the shortest and probably the only way to get back to the plant, and the collision took place at a point where that street is crossed by double switch tracks of the defendant company.

First Street runs approximately north and south and the defendant's tracks are laid diagonally across, approximately northwest and southeast. Boudreaux was driving south. On his left along the gutter, and north of the near track and adjacent to it, there is a growth of small trees and shrubs, and on the north track was a string of box cars extending several feet into the street, so that Boudreaux's view to the left, the direction from which the train was coming, was completely obstructed. The train consisted of a loco-

motive and tender and four tank cars, two of them loaded and the other two empty. Boudreaux was driving slow and when he reached the first or nearest track, had to shift gears, steer to the right, his right wheels having to pass beyond the shelled or gravelled part of the street, between the cross ties to avoid the protruding box car, then he had suddenly to steer to the left to cross the second track and when he reached the second track, he collided almost head-on with the engine of the moving train. While Boudreaux was shifting to low speed, his automobile, almost came to a stop and both he and Husband testify that they did not hear the moving train and could not and did not see it until the moment of collision.

The engineer and fireman on the train say that the usual warning signals, blast and ringing of the bell, were given. The switchman and yardman who were at the rear of the train and another switchman who was about 250 feet away also testify with singular unanimity that the usual alarm signals were given. None of these witnesses say when, or how long before reaching the crossing, the whistle was blown, but the fireman and engineer say that the bell was continuously ringing.

The trial judge, in well prepared reasons for judgment, alludes to this testimony on behalf of defendant, and while he expresses no opinion to that effect, evidently did not give full credence to it, and we cannot say that he has erred. It is shown that the switch tracks on which the collision occurred are only used once or twice a day, and the presence of a train at that crossing is rather unusual. Both Boudreaux and Husband are gifted with all their physical senses, and it is strange that they did not hear. Admittedly they could not see, and the natural instinct of self preservation must, under the very

apparent dangerous condition of the crossing have made them cautious. They both say that they heard nothing. The train was only running five or six miles per hour and the automobile had practically stopped at the nearer track on which the obstructing box cars were standing so that even if the bell had been audible between 50 and 100 feet away, Boudreaux would have had time to avoid the collision.

The trial judge was of the opinion that defendant was at fault for not better safeguarding the public from a situation which amounted to a death trap. In this finding we see no reversible error.

3. Defendant pleads contributory negligence on the part of Husband. Boudreaux controlled the automobile and Husband was only his guest or subordinate. If Boudreaux was negligent, a fact which is not at issue here and upon which we express no opinion, his negligence cannot be imputed to Husband. Jacobs vs. Jacobs, 141 La. 272, 74 South. 992; Maritzky vs. Shreveport Railway Co., 144 La. 692, 81 South. 253; Daull vs. N. O. Ry. & Light Co., 147 La. 1012, 86 South. 477.

The judgment of the district court allows legal interest from January 5, 1926. This evidently is a clerical error. Interest should only be allowed from judicial demand and for that reason plaintiff has entered a remittitur to that effect.

We believe the judgment under review is otherwise correct and for the reasons assigned, it is amended so as to allow legal interest only from judicial demand, and as amended,

It is affirmed, costs to be paid by defendant and appellant.