## VITALE v. CHECKER CAB COMPANY

---

(December 12, 1927. Opinion and Decree.)
(Mar. 13, 1928. Decree Supreme Court Writ Granted. Judgment Reduced to $1100, as amended affirmed.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Automobiles—Par. 6, 8; Death by Wrongful Act—Par. 6.**
Widow, guest of her husband in an automobile truck, cannot recover for her husband's suffering and death, when evidence shows he was driving negligently, but his negligence cannot be imputed to her and she can recover for her own injuries and for the loss of his companionship when the record shows she was not guilty of negligence and defendant was.

Appeal from the Civil District Court, Div. "A", Hon. H. C. Cage, Judge.

Action by Mrs. Domenica Vitale against Checker Cab Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

George Piazza, of New Orleans, attorney for plaintiff, appellant.

P. L. Fourchy, of New Orleans, attorney for defendant, appellee.

JONES, J.   This is a damage suit for Fifty-five thousand ($55,000.00) dollars brought by Mrs. Domenica Vitale, widow of Louis Vitale; first, for the injuries and death of her husband; and second, for the severe injuries sustained by her, said injuries and death resulting from a collision between a truck driven by plaintiff's husband and a Checker Cab, owned by defendant herein.

Plaintiff alleges as follows:   Accident occurred at the intersection of Broad and Banks streets, this city, on July 2nd, 1926, about 6:25 o'clock a. m.; truck was traveling up Broad street from Canal street towards Banks street and she was sitting in front by her husband, who was driving; the Checker Cab was traveling in Banks street towards the river; her husband stopped at the lower side of the intersection of Banks street, and then proceeded to cross the lower roadway of Banks street; after he had crossed the lower roadway of Banks street and the neutral ground on Banks street, and had reached the right side of the upper roadway on Banks street, he turned his truck towards the river, intending to travel in that direction; that while in the act of turning and before the turn had been completed, a Checker Cab struck the rear end of plaintiff's truck, dragged it a number of feet, and then turned it over; as a result of this collision, petitioner's husband received fatal injuries from which he died forty hours later; that plaintiff received injuries from which she suffered for about eight months.

Plaintiff claims Forty-five thousand ($45,000.00) dollars for her husband's death and Ten thousand ($10,000.00) dollars for her own injuries.

Defendant filed various exceptions, all of which were properly overruled.

Defendant answered that its cab stopped at the intersection of Broad street, then proceeded to cross the lake side roadway of Broad street at a very slow rate of speed; that when its cab had almost completed the crossing, the truck of plaintiff herein, traveling at a dangerous and reckless rate of speed, crashed into the left side of the cab and turned it over.

There was judgment below for defendant dismissing plaintiff's suit and plaintiff has appealed.

Twelve witnesses testified for plaintiff and nine for defendant and the record fills 412 pages. It would serve no useful purpose to analyze the evidence, because the witnesses for plaintiff and defendant contradict each other flatly in all important particulars and there is no possibility of reconciling their statements.

After a careful study of the record, we have concluded that the deceased, Louis Vitale, driving up Broad street, was guilty of a violation of the traffic regulations and contributed to the accident by not yielding the right of way to the defendant driving on Banks street towards the river, and that by proper care he could have avoided the accident. Therefore, the plaintiff cannot recover for the injury or sufferings of the deceased.

But his negligence cannot be imputed to his wife, who was then his guest and was guilty of no negligence. Daule vs. New Orleans Ry. & Light Co., 147 La. 1012, 86 South. 477, Curchill vs. Texas & Pac. Ry. Co., 151 La. 726, 92 South. 314;

Southern Surety Co. vs. Morgan's L. & T. R. R. & S. S. Co., 6 La. Ap. 575; Berry, 4 Ed., pp. 492 to 494.

We also find that the defendant's chauffeur was guilty of negligence. Both Banks and Broad streets are wide avenues with wide neutral ground in the center and the word "stop" was printed in big letters on the pavement of each street. Vehicles traveling upon either street, and crossing the intersection, could easily have been seen by the driver of the other vehicle. Thus, either driver could have avoided a collision by lessening speed and blowing horns. See Jones vs. Chicago, R. I. & P. Ry. Co., 162 La. 691; 111 South. 62.

The evidence shows that the defendant's chauffeur did neither and that he was coming at an excessive rate of speed when he reached Broad street with a momentum which caried him 150 feet after the collision. His negligence contributed to the collision, thereby damaging plaintiff. Defendant is, therefore, liable to plaintiff for the injuries suffered by herself. In the language of Dr. Robin these were at the time: A lacerated wound in the forehead and ecchemosis around the eyes, which is a blackening of the eyes, general contusions of the body and brush burns of both shoulders and both knees and right leg and thigh, a mild sacro-iliac sprain, severe contusions of the right shoulder and a fracture of the right scapula or shoulder blade. Apposition good, and at that time I put her disability at about three months altogether and the scar on her forehead she still has evidence of it now.

The same physician further testified that he had treated her about three months altogether, that he had found no disability twenty days before when he last examined her, but scar on forehead would probably remain.

The plaintiff should, therefore, recover:

| | | |
|---|---|---|
| (1) | For medical services to her | $ 100.00 |
| (2) | For her sufferings | 1,000.00 |
| (3) | For the loss of the society and support of her husband and her mental anguish | 5,000.00 |

$6,100.00

Broussard vs. La. Western, 140 La. 517; 73 South. 606.

Taylor vs. V. S. & P. Ry. Co., 123 La. 768; 49 South. 518.

For above reasons the judgment is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Domenica Vitale, and against defendant, the Checker Cab Co., Inc., in the sum of Sixty-one hundred and 00/100 ($6,100.00) Dollars with legal interest from July 19th, 1926, and all costs of suit.