No. 3207

Second Circuit

---

WIMBISH v. LOWERY

---

(March 14, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest — Automobiles — Par. 4b, 4d.

Where defendant's car failed to observe a city ordinance by stopping before crossing a right-of-way street and came upon an intersection in such a manner that it was impossible for the driver of a car on the right-of-way street to avoid the collision, negligence of the defendant is shown and plaintiff can recover.

Appeal from the City Court of the City of Shreveport. Hon. David B. Samuel, Judge.

Action by W. L. Wimbish against Joe Lowery.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Edward Barnette, of Shreveport, attorney for plaintiff, appellee.

Dimick & Hamilton, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This suit arises from a collision between automobiles at a street intersection in the city of Shreveport, and each of the drivers claims that the other was negligent and each of the owners of the cars claims damages of the other, and defendant appeals from a judgment in favor of the plaintiff.

The plaintiff's car was being driven by his wife and was proceeding south along Southern Avenue which, under the traffic ordinances, is a right-of-way street, and defendant's car was being driven by his minor son west along Kings Highway, which intersects Southern Avenue at right angles, and the collision occurred to the southeast of the center of the intersection.

The evidence is conflicting; however, it is conclusively established that the driver of defendant's car did not stop the car driven by him before driving onto the intersection, as required by the ordinance, and although he and the young man who was in the car with him state that he reduced the speed of the car before driving onto the intersection, and that the car driven by plaintiff's wife was at that time a sufficient distance away to have enabled him to have cleared the intersec-

tion had plaintiff's wife exercised ordinary care, we find that the evidence shows that the interval between the time defendant's son drove onto the intersection and the collision was so short that the collision would not have occurred had the driver of defendant's car complied with the law and brought his car to a stop.

Certainly, then, the violation of the ordinance was at least a contributing cause to the accident, and defendant could not recover, and while plaintiff should not recover if the negligence of the driver of his car contributed to the accident, and the fact of his driver being on a right-of-way street did not absolve her of exercising ordinary care, but the evidence showing that the driver of defendant's car had violated an ordinance, and that the collision would not have occurred had he observed it, we think the plaintiff should recover unless it clearly appears that the driver of his car was also guilty of negligence contributing to the collision (Bianchi vs. Mussachi, 1 La. App. 291; Tolliver vs. Yellow Cab Co., 3 La. App. 278; Young vs. Smythe, 6 La. App. 52; Liddel vs. Post, 6 La. App. 72).

The only evidence tending to show negligence on the part of the driver of plaintiff's car was that relative to the distance at which plaintiff's car was from the intersection at the time defendant's car was driven thereon, but the evidence does not show at what distance the car could have been brought to a stop or under such control as to avoid the collision, and we cannot infer that she was driving at an unlawful rate of speed or that she was not maintaining a lookout in the face of her testimony to the contrary; and besides she testified that defendant's car came upon the intersection in such close proximity to her car that it was impossible to avoid the collision, and we find that the evidence fails to establish any negligence on the part of the driver of plaintiff's car, and the judgment appealed from is affirmed.