COHN v. BROWN

(May 5, 1930.  Opinion and Decree.)
(June 2, 1930.  Decree Amended.)

John E. Jackson and Baldwin J. Allen, of New Orleans, attorneys for plaintiff, appellant.

Frank T. Doyle and Harry M. Mayo, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is a suit wherein the plaintiff seeks to recover damages, which she fixes in the sum of $2,500, for physical injuries alleged to have been sustained as a result of a collision between the automobile belonging to and driven by her husband, in which she was a passenger, and the motortruck owned by the defendant Brown, and, at the time of the accident, parked in the roadway on South Broad street near Napoleon avenue.

The accident occurred about 8 p. m. at a point where Napoleon avenue intersects or merges into Broad street; the two streets do not form a right, but an obtuse, angle. The negligence of the defendant is predicated upon the allegation that his truck was parked between seven and eight feet from the right-hand curb, near the middle of the street, in violation of Section 1, subsection 3, of the Traffic Ordinance No. 7490 C. C. S., and in the further fact that it was within less than 28 feet of two intersecting boulevards, and therefore in contravention of subparagraph 5, section 1, of the traffic law, and in the further respect that no lights, head or rear, were burning at the time.

In determining the issue of fact adversely to plaintiff and dismissing her suit, the learned trial judge, after noting a conflict in the testimony, characterized plaintiff's witnesses as being entirely sincere and honest, saying:

"I have no thought at all that there is anything in the case to give the impression that they are not all honest. However, in weighing the testimony I must consider the circumstances. The plaintiff's witnesses observed the facts under stress of excitement. Frequently we do not see things just as they are. On the other hand, the facts to which defendant's witnesses testified were facts observed by them prior to the accident, when there was no occasion for them to be excited."

It thus appears that the witnesses for plaintiff were considered by our brother below to have been unconsciously influenced in their testimony by their emotions, and we are not prepared to say that he is mistaken in his conclusion in this respect as a general proposition, but, in so far as Dr. Waide, one of the witnesses for plaintiff, is concerned, who, at the time of the accident, happened to be driving behind the Cohn car and who did not know either the plaintiff, Mrs. Albert J. Cohn, or her husband, Dr. Cohn, he certainly cannot be considered to have been in a state of emotional excitement, and we find his testimony most impressive. After the accident he approached Dr. Cohn, presented his card, and expressed his condemnation of the manner in which the driver of the truck had parked it without a light on it, and tendered his card saying, "If you need my help, I will be glad to serve you." This witness is quite positive that he saw no light on the truck, and that the truck was parked near the middle of the street. He estimates the distance at from four to five feet from the curbing and places the truck at about fifteen feet from the center of the intersection of the two streets, thus corroborating Dr. and Mrs. Cohn in this respect.

Under the provisions of the traffic ordinance referred to, the truck should not have been parked more than one foot from the curbing and not less than sixty feet from the intersection.

It appears that just before the accident one of the tires of the truck had collapsed and it had been stopped for the purpose of having the tire changed by a service man who had been telephoned for. There is a dispute in the record as to whether the service man had arrived before the accident or not, the service man himself saying that he was present a considerable time before the collision, and also that the truck was properly parked and the tail-light burning, the collision having occurred from the rear. We are inclined to believe that he was mistaken in every particular. He seems to us to have confused the post accident events with happenings prior thereto and to have relied on routine practice instead of his memory in testifying that the tail-light was burning, because he always insisted upon having it lit before undertaking to repair tires. The answer avers that the truck was three feet distant from the curb, and while evidence to the contrary was admitted without objection and may be said to enlarge the pleadings, the averment in the answer is interesting as indicating the early appreciation of the question of fact by defendant. But there can be no doubt that the truck was too near the corner of Napoleon avenue, for the driver, himself, a negro by the name of Williams, gives the position of the truck as twenty-eight feet from the corner, and the service man, Varount, placed it at between twenty and thirty feet.

We are convinced that the truck was parked in a manner violative of the provisions of the traffic ordinance referred to, and that its illegal parking was the cause of the accident. In Roberts vs. Eason, 6 La. App. 703, it was said:

"Ordinances regulating the parking of vehicles in the public streets must be observed and if an injury results from their violation to one not at fault, he may recover damages from the owner of a truck parked in the public street in violation of a City Ordinance."

In Tolliver vs. Checker Cab Company, 3 La. App. 278, this court said:

"It is the duty of courts to rigidly enforce the traffic ordinances in order to insure public safety. Those who violate them must pay damages caused by their violation."

The plaintiff, the guest of her husband who was driving the car, cannot be charged with negligence. Vitale vs. Checker Cab Company, 7 La. App. 653.

Plaintiff's injury was to her right arm and she no doubt suffered severe pain. Her doctor described her injury as "traumatic bursitis," which, he explains, is an inflammation of the bursia, causing it to thicken and diminish its secretion. There was no fracture and the ulna was not involved. The doctor also described her injuries as severe contusions of the forearm. At the time the case was tried, something over three years after the accident, she still complained that her arm was not normal. We find from the record, however, that this same arm had been broken in another accident some time previous to the one we are now considering, and we are unable to say whether the first or the last injury to the arm caused the lasting effect of which she complained. In other words, whether the fracture or the traumatic bursitis had the most lasting effect. Plaintiff incurred a doctor's bill of $75. Under the circumstances we believe an award of $500 to be proper.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is reversed, and it is now ordered that there be judgment in favor of Mrs. Albert J. Cohn, plaintiff, and against Benjamin C. Brown, defendant, in

the sum of $500, with legal interest from judicial demand until paid.

## ON MOTION TO AMEND DECREE

PER CURIAM.  Our attention is called to the fact that in our decree in this case no provision is made awarding costs.  Our decree will consequently be amended and plaintiff and appellant will be awarded the costs of both courts.