DAWKINS, J.
This is an action to recover damages for personal injuries received in a collision between two automobiles at a street crossing. Plaintiff was a guest in one of the cars, and, of course, cannot be held responsible for the negligence of the driver. See Cuneo v. N. O. Ry. & L. Co., 147 La. 1012, 86 South. 477. But to recover of defendant she must show negligence in the defendant or his agents.
We have carefully considered the record, in which the issue is mainly one of fact, and cannot disagree with the findings of the lower court, which we adopt and quote as follows:
“The undisputed 'facts established by the witnesses for the plaintiff are that the Ford car in which the plaintiff was riding was going out Thalia street, towards the river, and that, as it had about crossed the river side of Carondelet street track, the first they saw of the Studebaker car, and the first they knew of the Studebaker car, was when it was alongside of and in collision with them. If the Studebaker car had been going up the left-hand or river side of Carondelet street, on the asphalt pavement, this would have been impossible, because, in order for the Studebaker car to have turned so as to make a side collision from that position, both cars would have had to run 10, 20, or 30 feet into Thalia street, before the side collision would have occurred. As it was a side collision the only way it could have taken place was the way it was described by the witness Mr. Ducros, -who was driving the Studebaker car, who says that he was going up on the woodside of Carondelet street, and when on reaching the intersection of Thalia street he saw the Ford coming, so as to create a situation in which his driving straight up Carondelet street would be to inevitably result in a head-on collision, either he striking the Ford head-on, or the Ford striking him head-on, and that he followed the impulse, natural and instinctive, of, turning to the left, that is, as seamen say, “putting his helm hard a starboard,” and this action would result, according to all human knowledge and the law of physics, in his turning out towards Thalia street, and cause the two cars to come together in a side collision, just about at the point where both sides of the *921 cars did come in contact. Mr. Ducros impressed me as favorably as any witness who has ever testified before me, and the physical facts bear out the absolute truth of his statement. I am sorry for, and deplore the injuries which this unfortunate lady, plaintiff, has suffered, but I am unable to repair her damages at the expense of the defendant, who in my opinion was absolutely innocent of wrongdoing.”
For the reasons assigned, the judgment of the lower court is affirmed with costs.