## No. 9648
## Orleans

---

## MRS. SANTA GIARDINA v. JOHN MASSARO AND JOHN C. PATORNO, Appellants

---

(October 5, 1925, Opinion and Decree)
(November 2, 1925, Rehearing Refused)
(January 4, 1926, Writ of Certiorari and Review denied by Supreme Court.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest — Automobiles — Par. 4 (b), 4 (d), 8.**
Where a Ford automobile collides with another Ford automobile at a street crossing and after the impact jumps the curbing, proceeds along the sidewalk, knocking a door of a grocery store off the hinges, injuring a pedestrian, and is finally brought to rest by steps on the sidewalk, the circumstances are so persuasive of excessive speed as to require strong proof to establish the contrary.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

This is a suit for personal injuries sustained by plaintiff as a result of intersectional collision of the automobiles owned by the defendants.

There was judgment for plaintiff and defendants appealed.

Judgment amended and affirmed.

Gordon Boswell, of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, F. F. Tiessier, C. L. Denechaud, J. A. Morales, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is a suit for personal injuries sustained by plaintiff as a result of an intersectional collision of the automobiles owned by the defendants.

At the time of the accident, plaintiff was emerging from a grocery store where she had made some purchases, when she was struck by the automobile belonging to the defendant, Patorno, which mounted the curb and was out of control on the sidewalk. Plaintiff was without fault and must recover from one of the defendants. The trial judge thought both defendants were in fault and, consequently, rendered judgment against both in solido. The defendant, Massaro, has not appealed; therefore, we have only to consider the liability of Patorno who has appealed.

The record is quite lengthy, but the facts developed may be briefly stated. The Patorno car was traveling down Bourbon street and the Massaro car was coming from the direction of the river on Governor Nicholls street, which crosses Bourbon at right angles. The two cars met at the intersection and as a result of the impact the Patorno car was driven over the six-inch curb on the downtown lake corner on the banquette into the grocery door, which was knocked off the hinges

against the plaintiff, Mrs. Giardina, knocking her down, and brought to a stop by a step on the banquette. The Massaro car turned into Bourbon street and continued some distance towards Esplanade street, or downtown. It is perfectly obvious that the course of the Patorno car after the accident was due to excessive speed on the part of one or the other or both cars. It is contended on Patorno's behalf that the Massaro car hit the Patorno car so violently that it imparted momentum to the Patorno car very much as the object ball in billiards receives an impetus from the cue ball; that is to say, that the speed was all on the part of the Massaro car. We do not think so. Both cars were Fords and, if anything, the Patorno car was the heaviest, since it was a sedan, and the Massaro car was a coupe. The advantage of weight, if there was any, favored the Patorno car; moreover, the Massaro car turned to the right entering Bourbon street and proceeded in a perfectly orderly way down that street, while the Patorno car was jumping the curb and knocking the grocery door down and otherwise carrying on in a most disorderly fashion. If the Massaro car had been the battering ram, it must necessarily have followed the path of the Patorno car to some extent, at least since it is not constructed of rubber. The traffic ordinance limits the speed of vehicles at the point of the accident to fifteen miles per hour. We are satisfied the Patorno car was traveling much faster. A mechanic employed by a Ford agent testified that a Ford could be stopped within four or five feet when moving at the rate of fifteen miles per hour.

As to the quantum—the trial judge allowed $1728.90, $1500.00 for the injury and $228.90 for expenses. Without discussing plaintiff's injuries in detail, we think it

difficult to determine just how much of the post accident indisposition of the old lady (she was 78 years old) was due to the accident and how much to senility, for her doctor says she was senile. We think a total award of $1500.00 sufficient.

For the reasons assigned, the judgment appealed from is reduced to $1500.00, plaintiff to pay costs in this court. In all other respects it is affirmed.