BAGERT v. MAESTRI ET AL.

(November 13, 1928. Opinion and Decree.)
(November 26, 1928. Rehearing Refused.)

Daly & Hamlin, of New Orleans, attorneys for plaintiff, appellee.

Solomon S. Goldman, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This suit results from a collision of automobiles at the intersection of DeSoto and Dupre Streets. Plaintiff claims $217.20 as damages to his automobile, occasioned by the collision, and was awarded a judgment for that amount below. Defendant has appealed.

Plaintiff's car, a Dodge, at the time of the accident, was being driven by his nephew, Milton Bagert. He testifies that, at about 20 minutes to 9, in the morning, he was driving out DeSoto street toward the river, and that, as he neared Dupre street, proceeding at a speed of about eighteen or twenty miles an hour, and when almost across the intersection, his car was struck near the left rear fender by the Peerless car driven by defendant; that, as he approached Dupre street, and when within fifteen feet of the intersection, he looked in the direction from which the defendant's automobile was approaching and saw defendant's car when about half a block away. If plaintiff's car was within fifteen feet of the intersection when defendant's car was a half block away, there would have been no collision. Consequently, the statement is incorrect, particularly in view of the speed at which the defendant's car was approaching.

Mrs. Francis Maestri, defendant herein, who was driving the Peerless car, testified that she was in second speed and approaching DeSoto street very slowly, and, just as the hood of her car entered the intersection, she was struck by plaintiff's Dodge car.

Plaintiff, in his petition, alleged that the accident was caused by the excessive speed of defendant's car. This contention, however, seems to have been abandoned, for there is no proof to that effect in the record, and the point was not made in this court. Plaintiff's legal position, as presented to us, is a reliance upon his right of way under the circumstances prevailing. This right of way is claimed as two-fold:

First, under section 7(c) of the Traffic Ordinance, which reads as follows:

"On all other streets and at intersections of right-of-way streets with one another, all vehicles approaching intersecting streets from the left shall give right-of-way to vehicles approaching from the right."

Second, the Dodge, having first entered the intersection, was entitled to proceed.

The record is not very clear as to which automobile entered the intersection first, but, under the section of the ordinance referred to, it must be conceded that plaintiff's car had the right of way, from which it follows that defendant was negligent in entering the intersection under the circumstances. But a right of way is not a right of pre-emption. All automobiles driven upon city streets, whether given the right of way, or otherwise, should be operated with due regard of the rights of other automobiles to use the public streets. The city streets are not speedways or race courses.

The record before us conclusively establishes the fact that plaintiff's car, at the time of the accident, was being driven with dangerous and reckless rapidity, as shown by the action of the car after the impact. The driver himself admits that his car "made a couple of turn-overs, it first hit the curbing and bounced around and over." Other witnesses say that the car made a

"somersault." Mrs. Maestri, the defendant, said:

"Before you know it I saw an automobile like a flash of lightning before me turning over about twenty feet from me, and went back on its wheels and stopped."

It is difficult to understand, in view of the conceded action of the Dodge car, after the impact, in turning completely over—whether once as testified by some witnesses, or twice, as the driver of plaintiff's car claims—how the driver escaped serious injury or death. Whatever may be the explanation of his fortunate escape from physical disaster, it is quite evident that he was guilty of gross negligence, which contributed to the accident and must prevent his recovery.

In the case of Giardina v. Massaro et al., 3 La. App. 221, we said:

"Where a Ford automobile collides with another Ford automobile at a street crossing and after the impact jumps the curbing, proceeds along the sidewalk, knocking the door of a grocery store off the hinges, injuring a pedestrian, and is finally brought to rest by steps on the sidewalk, the circumstances are so persuasive of excessive speed as to require strong proof to establish the contrary."

In the case before us, the action of plaintiff's car after the impact is similar to that of the Ford in the cited case, with the distinction, perhaps, that the evidence in the case at bar indicates a greater speed, because the Dodge car in this case executed at least one complete somersault.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's suit.