FRANZ v. SHUSHAN

——

(January 13, 1930.   Opinion and Decree.)
(January 27, 1930.   Rehearing Refused.)

——

Eraste Vidrine, of New Orleans, attorney for plaintiff, appellant.

Edward Rightor, Solomon S. Goldman, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.   This suit is the result of an intersectional collision between a Cadillac automobile owned and driven by defendant, Shushan, and a Ford coupe belonging to and operated by plaintiff, Franz. The accident occurred at about six o'clock in the evening of May 16, 1928, on the river side intersection of Claiborne avenue and Clio street.   Shushan was driving down Claiborne and Franz was proceeding out Clio street in the direction of the lake. Franz received minor personal injuries and his automobile sustained rather severe damage.   The trial court came to the conclusion that Franz himself was responsible for the accident and rendered judgment dismissing his suit.

Claiborne avenue is a boulevard and Clio street at that point is "a street with a street car track."   Therefore, under our interpretation of the ordinance, C. C. S. 7490, neither of the streets in question can be said to be a right of way street having superior rights over the other since, under paragraph 7 of article 1 of the ordinance, it is provided "vehicles traveling on the following streets have the right of way approaching on intersecting streets, namely * * * all boulevards. All streets with street car tracks."   But we find in the ordinance in subparagraph (c) of paragraph 7 above referred to, the following:

"On all other streets, and at intersections of right-of-way streets with one an-

other, all vehicles approaching intersecting streets from the left shall give right-of-way to vehicles approaching from the right."

We also find in subparagraph (f) the following:

"Vehicles approaching from the right shall have right-of-way as illustrated above."

It appears, therefore, that the framers of the ordinance intended that on all streets of equal rank, such as boulevards and streets having street car tracks, the general provision that vehicles approaching from the right shall have the right-of-way should apply. But even if Franz' automobile was entitled to the right-of-way, that fact would not absolve its driver from the duty of exercising care, nor would it entitle him to dash into the intersection at an unreasonable speed. The evidence leaves us rather well satisfied that these two vehicles entered the intersection at about the same time, and at very nearly the same speed. The exact point of the impact was very near the downtown lake corner of the intersection, showing that, although the Franz car had almost crossed the river side of the roadway of Claiborne avenue, the Shushan car had also almost crossed the driveway of Clio street. It is true that the fact that the front end of the Shushan car hit the side of the Franz car shows that the Franz car had more nearly completed the crossing than had the Shushan car, but as they were both traveling at a speed of probably between 20 and 25 miles an hour, a distance of 4 or 5 feet was traversed in an infinitesimal fraction of time. The two young ladies who were riding with Franz testified that, so far as they could recollect, he did not slacken his speed as he approached Claiborne avenue.

He himself was well convinced that he had the right-of-way and thus thought that he was entitled to proceed, regardless of the large car which was bearing down upon him from his left.

He admits that he saw the Cadillac, but contends that he thought he had time to cross. If it was approaching at the great speed claimed by him he should have stopped to let it pass, because, even if he was entitled to the right-of-way, that would not have justified his action in emerging from a position of security into one of very apparent danger.

The failure of defendant Shushan to produce as a witness the young lady who was riding with him, of course, raises the presumption that her testimony would not have been helpful to his cause, but that presumption is not sufficient to outweigh the positive testimony of the several eyewitnesses, which testimony convinces us that the parties were about equally to blame.

We see no reason to disbelieve the witness Carver, as plaintiff's counsel contends we should. His testimony is corroborated by the other witnesses and does not contain any such glaring inconsistencies as would warrant our rejecting it.

At any rate questions affecting the credibility of witnesses are more properly determined by the trial court, and we will not disturb its findings of fact where we see no manifest error.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed.