SYNIGOL v. OURY

——

(April 27, 1931.  Opinion and Decree.)
(May 25, 1931.  Rehearing Refused.)
(July 17, 1931.  Writs of Certiorari and Review Refused by Supreme Court.)

John Armstrong, of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams, St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff brings this suit to recover damages for personal injuries and property loss alleged to have been sustained as a result of a collision between his wagon and the defendant's automobile at the intersection of Constantinople street and St. Charles avenue, this city, on February 24, 1930, about 10 o'clock a. m. The petition charges the defendant with negligence in two respects: First, that at the time defendant's automobile struck his wagon, it (the wagon) had almost completed, the crossing, and therefore had the right of way under the traffic ordinance; second, that, although defendant had ample space to pass to the rear of plaintiff's wagon, she negligently ran into it.

Defendant denied liability, admitting the accident, but averring that the plaintiff was solely at fault, as the defendant had the right of way under the city traffic ordinance (No. 7490, C. C. S.), which makes St. Charles avenue a right of way street, and in the alternative, that plaintiff was guilty of contributory negligence in failing to comply with that provision of the ordinance which required him to come to a full stop before crossing St. Charles avenue.

There was judgment in favor of the plaintiff and the defendant has appealed.

The record shows that plaintiff was driving his horse and wagon on Constantinople street in the direction of the river. The defendant was operating an automobile on the lake side thoroughfare of St. Charles avenue, going uptown. As the plaintiff reached the intersection of St. Charles avenue, he looked for traffic moving up town, and saw the defendant's automobile about a block away. He then proceeded across, but did not stop before entering the intersection. As the horse was on the street car tracks, which are located on the neutral ground, and used by street cars going uptown, the defendant's automobile struck the left side of the wagon, causing the left front and rear wheels to be crushed and the shaft to be broken, and precipitating plaintiff to the pavement and causing the injuries complained of.

The defendant had been driving her automobile about four feet from the neutral ground, and, as she states, was running about twenty miles per hour. She admits that she did not see the plaintiff's horse and wagon until she was within eleven feet of Constantinople street. She immediately applied her brakes and succeeded in stopping the car in the intersection, after striking the wagon. Both vehicles after the accident were in the intersection near the street car tracks and neutral ground.

While it is true that the city traffic ordinance makes St. Charles avenue a right of way street, the same ordinance also provides that, where a vehicle has entered the intersection and has almost completed it, it thereby obtains the right of way.

It appears to us that the preponderance of the evidence shows that the wagon had almost crossed the St. Charles avenue roadway when it was struck, and hence had a right to complete the crossing. Rappelet v. Progress Grocery Co., Inc., 13 La. App. 287, 127 So. 760; Pope v. Locascio et al., 13 La. App. 304, 126 So. 727, 729; Bryan v. Magnolia Gas Co. et al., 13 La. App. 52, 127 So. 124; Shields v. Succession of Hodge, 13 La. App. 546, 128 So. 530.

Plaintiff was not required to wait at the crossing until there were no automobiles in sight. Simpson v. Pardue, 15 La. App.

341, 131 So. 854; Bagert v. Maestri, 18 La. App. 94, 131 So. 863.

The case of Vance v. Poree, 5 La. App. 109, appears to us to be in point and decisive of the issues involved. In that case an automobile driven by a young man going up St. Charles avenue collided with a car driven by a colored boy going out Robert street toward the river, and the point of collision was near the neutral ground. The court concluded that the defendant's car, which entered from Robert street, must have entered the intersection first; otherwise the point of contact would not have been near the neutral ground. The court held that the driver of the car going up the avenue was at fault.

As we view the case, the proximate cause of the accident was the defendant's failure to keep a proper lookout, since she admits she did not see the slow-moving horse and wagon of the charcoal vender until she was within eleven feet of Constantinople street. It further appears to us that the defendant had sufficient room and opportunity to pass to the rear of the wagon, and would therefore be liable under the doctrine of the last clear chance.

As to the quantum, the evidence shows that the plaintiff is a charcoal peddler earning $19.50 per week, and that he lost six weeks from his vocation. The medical bills amounted to $34 and the repairs to the wagon $48. The plaintiff was knocked from the wagon to the paved street, and suffered injuries in the sacroiliac region, which necessitated strapping him. He was confined to his home for two weeks, and suffered pain. Our learned brother below allowed the sum of $490 for all items of damage, and we believe that the award is correct under the circumstances.

For the reasons assigned, the judgment appealed from is affirmed.