## MANINT v. NUGENT. *
### No. 14199.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

---

*Rehearing denied June 27, 1932.

Jas. G. Schillin, of New Orleans, for appellant.

St. Clair Adams, Jr., of New Orleans, for appellee.

JANVIER, J.

Plaintiff's Ford coupé, crossing Canal street from the upper side to the lower side on Galvez street, was struck by defendant's Willys coach, which was proceeding towards the Mississippi river on the upper side of Canal street.

The Ford had almost crossed the upper roadway of Canal street when it was struck and plaintiff invokes the doctrine announced in Vance v. Poree, 5 La. App. 109, and followed in Synigol v. Oury, 17 La. App. 163, 134 So. 324, to the effect that: "Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right of way." Syllabus.

 Defendant's Willys coach was not operated by him, but by a young man who, at the request of the owner, was performing an errand for him, and, therefore, the owner would, of course, be responsible in the event of the negligence of the driver.

The accident occurred between 1 and 2 o'clock in the morning. Plaintiff claims that when he reached Canal street he stopped on Galvez street, and, having looked and having seen no approaching vehicles within a full block of him, he started across at a very slow speed, and that, just as he was about to reach the car track near the upper side of the neutral ground of Canal street, he was struck by defendant's Willys coach; that the said coach was being operated without lights, and that this accounted for his failure to see it.

The driver of defendant's car denies emphatically that there were no lights on it, and he states that, as he approached Galvez street, he saw plaintiff's car, and that it did not stop, as he expected it to do, but proceeded into the roadway of Canal street and into the path of his car, when it was no longer possible for him to stop, and that he, therefore, turned his car to the left in an effort to go in the same direction in which plaintiff's car was proceeding and thus avoid it.

 There is nothing to corroborate plaintiff's charge that defendant's car was being operated without lights, and, on the contrary, we feel, as did our brother below, that the evidence to the effect that the lights were burning and could be plainly seen substantially preponderates. It therefore follows that, when plaintiff says he looked and did not see defendant's car, either he was mistaken and

did not look, or he saw it and attempted to cross ahead of it.

On the other hand, defendant's car seems to have been operated at a speed in excess of that permitted by law, and we do not feel justified, under the circumstances, in holding that that speed had no causal connection with the accident. We feel, as did the trial judge, that plaintiff was at fault in driving into a right of way street in the path of an approaching car, and that the driver of the said approaching car was, also, to some extent, at fault, and that, therefore, neither of the parties should be permitted to recover.

The doctrine announced in Vance v. Poree, supra, cannot be applied to all cases, regardless of the facts surrounding each case. This court did not mean to announce a hard and fast rule to the effect that, whenever one car has almost crossed the intersection, its owner can recover for damages caused it regardless of the facts leading up to the collision.

It is always important to determine whether the car struck had reached a position of danger when there was yet time for the other to stop, or whether its driver suddenly attempted to cross in front of the oncoming car, when there was no longer time for the latter to stop, slacken its speed, or turn away from the danger. Each of these crossing cases must be judged according to its own facts.

The judgment appealed from is affirmed.

Affirmed.