## ANNEN v. HARRELL.

### No. 14173.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Feitel & Feitel, of New Orleans, for appellant.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellee.

HIGGINS, J.

Plaintiff sues to recover the sum of $294 for property damage and personal injuries alleged to have resulted from a collision between his Ford touring car and the defendant's Studebaker automobile at the intersection of Race and Camp streets on November 19, 1930, about 9:30 a. m. The driver of defendant's car is said to have been at fault in driving at a higher rate of speed than allowed by the traffic ordinance and without having his car under proper control.

Defendant denied liability and averred that the accident was caused solely through the fault of the plaintiff in not keeping a proper lookout and in failing to obey the traffic ordinance (No. 7490, C. C. S.), which required him to bring his car to a full stop on Race street before entering Camp street, a right of way street under the ordinance, on which the defendant was driving his car. He also pleaded contributory negligence and reconvened for damages to his automobile.

There was judgment dismissing plaintiff's suit and defendant's reconventional demand, and plaintiff alone has appealed.

The evidence shows that plaintiff was driving his Ford touring car on Race street in the direction of the lake. This street is a paved thoroughfare, sixty feet in width. Defendant was driving his Studebaker sedan down Camp street, which is also paved and upon which are located street car tracks. The two streets intersect at right angles. The automobiles collided in the intersection; defendant's car coming to rest on the downtown lake side of the intersection against a telegraph post, and plaintiff's car stopping some fifteen feet from the point of collision on Race street in the direction of the lake.

The evidence is conflicting as to which automobile entered the intersection first. Plaintiff and a guest in his car and an acquaintance, who was standing on the sidewalk, testified that the Ford entered the intersection first and was on the lake side of the car tracks on Camp street when it was struck. Defendant and the young lady, who was riding as a guest in his car, testified that the automobiles reached the intersection at about the same time. Plaintiff's witness, who was standing on the sidewalk, testified that defendant's car was running about forty or forty-five miles per hour and defendant and the young lady in his car estimated the speed to be about twenty-three miles per hour. Plaintiff and the guest in his car did not see defendant's car until after their attention was attracted to it by the noise which was made when defendant applied his brakes, therefore being unable to estimate the rate of speed at which it was going.

Plaintiff admits that he did not stop before entering the intersection and that he crossed it at about ten miles per hour. He further admits that he did not see defendant's automobile until it was about to strike his car. The only excuse he gives for not seeing defendant's car was that it was traveling at such a rapid rate of speed that it was too far away from him to have noticed it. But the plaintiff also says that defendant's car stopped about fifteen feet from the point of collision. This circumstance would strongly indicate that defendant was not traveling at such an excessive rate of speed. Furthermore, defendant's evidence shows that the damage to his car was on the right front side and was repaired for the sum of $15. However, counsel for plaintiff lays great stress on the fact that the automobile of defendant finally stopped on the downtown lake side of the intersection against a post as tending to show that plaintiff's car had almost completed the crossing when it was struck. But it was shown by the testimony of all the witnesses that just immediately before the impact, the defendant, in an attempt to avoid the collision, turned sharply to his left in an effort to go out Race street and that the momentum of the car caused the Ford to be pushed or carried to the place where it finally stopped.

We conclude that plaintiff was at fault in not keeping a proper lookout and that defendant's car, at the time plaintiff attempted to cross the intersection, was within view and should have been discovered by the plaintiff before he started across. In failing to do so he was guilty of negligence which contributed to the accident, because it is apparent to us

that the automobiles reached the intersection at approximately the same time. Having reached the conclusion that plaintiff was guilty of contributory negligence, it is not necessary that we discuss the question of defendant's fault.

This matter comes under the principle of law applied by us in the case of Manint v. Nugent, 142 So. 201, decided by this court May 30, 1932, where we held that the failure of a driver in crossing the intersection of Canal and Galvez streets to see an approaching automobile was negligence which barred his recovery.

For the reasons assigned the judgment appealed from is affirmed.