**BOSARGE et ux. v. SPIESS & CO. et al.***

No. 14307.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

R. Emmet Kerrigan, of New Orleans, for appellants.

Henry W. Robinson, of New Orleans, for appellees.

JANVIER, J.

Plaintiffs are the bereaved parents of a young boy who was hurled from his bicycle and killed when he was run into from the rear by an automobile truck owned by defendants and operated by one of them.

The young boy, not quite eleven years old, was riding the bicycle, which he had received as a Christmas gift from his parents on the previous day. He was on Grand Route St. John, a few feet from the right hand curb, and was proceeding from White street towards Crete street. The truck was going in the same direction and was some 7 or 8 feet farther from the curb than was the boy on the bicycle and was overtaking him from the rear, when, for a reason which we shall hereafter discuss, he turned slightly to his left into the path of the on-coming truck, which crashed into him and hurled him to the pavement. It is charged that the speed of the truck was excessive and was beyond the limit permitted by the traffic ordinance of the city of New Orleans; that the truck was not equipped with efficient brakes, and that no warning of its approach was given by the driver, although he saw, or should have seen, the boy on the bicycle when he was still 200 feet or more in the rear and should have realized that, even if the boy maintained a straight course, the truck would ultimately pass him so close alongside as probably to create excitement and alarm in the boy; and it is also charged that had the truck driver maintained a careful watch ahead he would have realized that the boy must swerve to his left as, ahead of him, parked alongside the curb, there was another vehicle.

Defendants deny all the charges of negligence and, as an alternative defense, assert that, if the truck driver was negligent in any particular, the proximate cause of the accident was not such negligence, but was the contributory negligence of the boy himself in suddenly swerving from his course and darting into the path of the on-coming truck, when it was no longer possible for the latter to be stopped in time to avert a crash.

The matter was tried below by jury and a verdict by an eleven to one vote was rendered for plaintiff in the sum of $7,500 and against all of the defendants except Edward A. Spiess. From a judgment based thereon defendants Spiess & Co., Frank Spiess, and Herrle L. Spiess have appealed.

It is not denied that the truck driver first saw the boy on the bicycle when the truck was at least 200 feet or more in the rear, and it is conceded that the horn of the truck was blown but once during the time required for the truck to overtake the bicycle.

It is not contended that during that time the boy indicated in any way that he was aware of the approach of the truck, and we feel that the truck driver, seeing a young boy so near to the path of the truck, before attempting to pass, should have made cer-

*Rehearing denied January 16, 1933.

tain that the boy's attention was directed to the approach of the heavier and more dangerous vehicle and he should have so reduced his speed as to have made it possible to stop, even if at the last moment the boy ahead should, in his excitement, do the unexpected and turn towards the path traversed by the truck.

In article 1, paragraph 3 (b), of the traffic ordinance of New Orleans (C. C. S. 7490), we find the following:

"An operator overtaking and desiring to pass a vehicle shall signal with his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as is reasonably possible to the right to allow free passage on the left of his vehicle."

■ Therefore, not only was it dangerous, per se, for the truck to attempt to pass so close alongside the boy, but it was a direct violation of the above-quoted provision of the ordinance for the driver to make the attempt without giving the necessary warning.

■ While boys ten or eleven years of age of normal intelligence are presumed to know and appreciate the danger of riding bicycles or playing in city streets, they cannot be expected to exercise the same degree of prudence as would be exhibited by an adult, and a person driving such an automobile in close proximity to a child is negligent in not expecting that the child may do the unexpected and dart suddenly into danger.

The facts in the case of Albert v. Munch, 141 La. 686, 75 So. 513, L. R. A. 1918A, 240, were sufficiently similar to those which we find here to make the doctrine announced there applicable in the present instance. There two small boys ten and twelve years old, respectively, had tied their homemade toy wagon to the rear of an ice wagon. They and the ice wagon were proceeding along the street and were overtaken by defendant's automobile. Just as the automobile came alongside of the toy wagon, the latter swerved from its course and was struck by the automobile. One of the boys was killed. The court held that the driver of the automobile was at fault in not anticipating the possibility that just such an occurrence would take place.

■ The driver of defendants' truck was also negligent in the matter of speed. After striking the automobile, the truck is shown to have proceeded considerably more than a hundred feet, to have mounted the sidewalk, scraped alongside a concrete post, and to have crossed over the corner and entered the roadway of the intersecting street. We cannot avoid the impression that the speed must have been excessive. See Bethancourt v. Bayhi et al. (La. App.) 141 So. 111; Giardina v. Massaro et al., 3 La. App. 221; Bagert

v. Maestri et al., 18 La. App. 94, 131 So. 863.

■ There is a dispute as to whether or not the boy swerved from his course because of a parked automobile which was in front of him. Plaintiffs assert that there was such a car present and that the driver of the truck should have seen it and should have realized that the boy, in order to pass it, must swerve to his left; whereas, the driver maintains that there was no such parked car present and that the boy, without any necessity, turned from his course and into the path of the on-coming truck. On this point we feel that the evidence supporting the view of plaintiffs preponderates and that the boy turned in order to avoid striking the stationary automobile ahead of him. The truck driver should have appreciated the necessity for the boy's action in turning and should have anticipated that he would do so.

While a boy of the age and intelligence of plaintiffs' son may be expected to understand and appreciate the danger of turning into the path of a truck, we do not feel that his action in this instance should bar recovery because he was warranted in assuming that no automobile driver, approaching from his rear and seeing both him and the parked car, would attempt to pass so close to the latter as to leave no room for the bicycle.

■ The evidence as to the negligence of the truck driver is sufficient, if believed, to support the verdict and judgment and, since the jury apparently believed it, we would not be justified in reversing the finding made below, unless that finding appeared to be patently erroneous.

Defendants also contend that, even if we come to the conclusion that there is liability, as we have, we should reduce the amount of the judgment ($7,500), as it is, so they contend, in excess of awards fixed in similar cases.

■ There is, of course, as has many times been said, no standard gauge or measure by which awards for loss due to death may be fixed. In Ziegler v. Lamantia, 13 La. App. 70, 126 So. 262, we allowed $5,000 to two parents for the death of their child twelve years old. In Wyble v. Putfork (La. App.) 141 So. 776, we awarded $4,000 for the death of a child. In Hebert et ux. v. Baton Rouge Electric Co., 150 La. 957, 91 So. 406, 25 A. L. R. 245, $5,000 was the amount of the judgment awarded for the death of a three year old child. In Sundmaker v. Y. & M. V. R. R. Co., 106 La. 111, 30 So. 285, $4,000 was allowed to the mother alone for the death of a two year old boy. In Bourg v. Brownell-Drews Lumber Co., 120 La. 1010, 45 So. 972, 124 Am. St. Rep. 448, we find that $5,000 was allowed to the father alone for the death of a thirteen year old boy. In Selser v. Revol et al., 152 La. 447, 93 So. 675, the Supreme

Court allowed $6,000 to two parents for the death of a nine year old boy.

We find it difficult indeed to reach a conclusion as to the proper amount to award in this case. The boy was injured before noon and died during the early part of that night. Taking all things into consideration, we have concluded that an award of $6,000 will be as near correct as it is humanly possible to make it.

The judgment appealed from is amended by reducing the amount thereof to $6,000, and as thus amended, it is affirmed.

Amended and affirmed.