## CALAMIA v. NATIONAL HOSIERY MILLS et al.*
### No. 16275.

Court of Appeal of Louisiana. Orleans.

Nov. 18, 1935.

Adam H. Harper and Alexander C. Granzin, both of New Orleans, for appellant.

Edwin I. Mahoney, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff, Mrs. Laura Vachetta, brought this suit against Gilbert Berard and the National Hosiery Mills, claiming $300 as damages for physical injuries alleged to have been caused as the result of a collision between an automobile driven by Carlo Billo, in which plaintiff was riding as a passenger, and an automobile driven at the time of the alleged accident by the defendant, Berard. The National Hosiery Mills, which was sued as a corporation, proved to be a partnership, and, upon proper showing to that effect, was dismissed as a party defendant. The case was tried in the court below against Berard as the only defendant, and resulted in a judgment dismissing plaintiff's demand.

The accident occurred on May 17, 1935, at about 10 o'clock a. m., in the intersection of Royal and Governor Nicholls streets in the city of New Orleans.

The charges of negligence imputed to the defendant, Berard, consist in his alleged failure to grant to the Billo car the right of way established in its favor by the traffic ordinance, No. 13,702 C. C. S., of the city of New Orleans, excessive speed, and failure to keep his car under control or to maintain a proper lookout. In Berard's answer responsibility for the accident is averred to be entirely due to the negligence of Billo, the driver of the car in which plaintiff was riding as a guest. There is, however, no charge of contributory negligence on the part of plaintiff. Consequently, the only question before us for consideration is the negligence, vel non, of defendant. Young v. Luria, 154 La. 919, 98 So. 419; Daull v. N. O. Ry. & Light Co., 147 La. 1012, 86 So. 477; Huddy on Automobiles, Vols. 5, 6, p. 269.

Berard was driving up Royal street in the direction of Canal street and Billo's car was being driven out Governor Nicholls street toward Lake Pontchartrain. It is the contention of Berard that Billo attempted to beat him across the intersection without stopping and at a rapid rate of speed, while Billo insists that he did stop before entering Royal street and was going across very slowly, having almost completed the crossing when his car was struck in the right rear by that of Berard. Billo is corroborated by Andrew Norman, who was riding on the front seat with him, and by Mrs. Vachetta, who occupied the rear seat. Berard's account of the accident is not supported by any one.

Berard had the right of way because he was approaching from Billo's right (article VI, section 10, par. (A) Ordinance No. 13,702 C. C. S.), but the right of way did not relieve him of the necessity of exercising caution, or dis-

pense with the necessity of careful observation in crossing the intersection. Franz v. Shushan, 14 La. App. 465, 131 So. 591. If he had looked, he must have seen the Billo car crossing Royal street, for, according to the clear preponderance of the evidence, it was proceeding slowly across the street. The fact that the Billo car was struck in the rear, near the back fender, and when almost across the intersection, is a circumstance tending to prove that Berard had ample time to stop his car before the collision, for the progress of Billo's car across the intersection was quite slow, and it must have been in sight of Berard for a considerable length of time. See Mr. and Mrs. Welsch v. Sue Wah Laundry, 13 La. App. 20, 127 So. 751; Rappelet v. Progress Grocery Co., Inc., 13 La. App. 287, 127 So. 760; Synigol v. Oury, 17 La. App. 163, 134 So. 324.

Plaintiff's injuries were not very serious. She struck her head on the front seat of the car and suffered bruises on the arms and body. The exact extent of her injuries are not any too well established by the record, but we believe there is sufficient proof to justify an award of $150.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Mrs. Laura Calamia, wife of Benny Vachetta, and against Gilbert Berard, defendant, in the full sum of $150, with legal interest from judicial demand, and for all costs.

Reversed.

McCALL, Judge ad hoc, participating in absence of LECHE, Judge.