### GENERAL EXCHANGE INS. CORPORATION v. CARP et al.
#### No. 1743.

Court of Appeal of Louisiana.   First Circuit.
Oct. 5, 1937.

Talley & Richardson, of Bogalusa, for appellant.

Guy V. Rich, of Bogalusa, for appellees.

DORE, Judge.

As a result of the collision of a car driven by defendant Carp, with a car belonging to D. K. Pittman, the plaintiff as the insurer of Pittman paid him damages to the car in the sum of $146.50, whereupon Pittman subrogated the plaintiff insurance company to all his rights against Carp and against Carp's insurer on account of the accident. The plaintiff sues for the sum of $196.50, the total damage to the Pittman car, which amount was paid by plaintiff less $50, a deduction allowed in the policy. Plaintiff's demands were rejected by the city judge, and plaintiff prosecutes this appeal.

We have carefully considered the record and the written reasons of the trial judge, and we cannot say that his judgment is erroneous. He has correctly stated the facts and applied the law, and for that reason we adopt his judgment as our own:

"The collision which prompted this litigation occurred at the intersection of Richmond Street and Mississippi Avenue in the city of Bogalusa, on March 27th, 1936, about the hour of 7:00 A. M. The facts are not in dispute, having been submitted in the way of statements of the drivers of each car and a map, or diagram, which was prepared by counsel representing the parties litigant and which admits the facts thereon set forth. Richmond Street, just south of the intersection, is bordered on each side with trees; a house sits on the east side of Richmond at its intersection with Mississippi, fronting on Mississippi Avenue. Richmond Street is used by out of town traffic as the through highway. Stop signs are on each side of Mississippi; both Richmond Street and Mississippi Avenue are paved, the former is sixty (60) feet wide, the latter one hundred (100) feet wide. Mississippi Avenue bounds the high school grounds on the south; Richmond street bounds the high school grounds on the east.

"Louis Pittman, driving a 1935 Model Ford Sedan, property of D. K. Pittman, plaintiff's assignor, was proceeding north on Richmond Street. As he passed over the crest of the hill just north of the house of Dick Murray, which residence is some one hundred (100) yards south of the intersection, he reduced his speed to about twenty-five (25) miles per hour. As he approached the intersection he saw the car driven by Carp traveling west on Mississippi Avenue, and, also, approaching the intersection. Pittman blew his horn and proceeded into the intersection, to his right of the center line of the pavement, at a rate of speed between twenty-five (25) and thirty (30) miles per hour. The Carp car was about the middle of Mississippi Avenue and traveling at a rate of speed between fifteen (15) and twenty (20) miles per hour. Carp was rolling down a glass in his machine and neither saw nor heard the Pittman car until the moment of the impact. The bumper of the Carp car struck the right, rear fender of the Pittman car, causing it to turn over some thirty (30) feet west on Richmond Street from the point where the cars collided.

"It is agreed that the Pittman car was damaged to the extent of $196.50. It is urged by counsel for defendants that, if liable at all they should only be liable to the extent of $146.50. The Court is of the opinion that this is a valid assignment and that the contention of counsel for defendants is without merit, but finds it unnecessary to go into this question because of the conclusions reached.

"It appears that both motorists were guilty of violating the speed limit at this particular point. Section 2, Ordinance No. 265.

"It is conceded by counsel for defendants William Carp and The Massachusetts Bonding and Insurance Company that Carp was negligent in that he did not look where he was going and in that he drove into a right of way street in violation of a City Ordinance. Counsel brings up the point that the stop signs on Mississippi Avenue were erected unofficially and only as a caution to motorists. This is true but the fact that these signs were not

officially erected does not take away from the motorist the duty of keeping a lookout. Certainly defendant Carp was negligent because one driving an automobile on the streets of a city is required to keep a constant lookout ahead and is chargeable with seeing what he should have seen by keeping a proper lookout. Catalano v. Pritchard, 19 La.App. 262, 140 So. 100.

"The position taken by counsel for the defendants is that Pittman, driver of the car of plaintiff's assignor, saw the Carp car in ample time to avoid a collision, increased his speed and proceeded into the intersection directly in the path of the oncoming car, was negligent in so doing, and that plaintiff should be barred from recovery because of this contributory negligence.

"The fact that a motorist is favored at an intersection with the right of way does not relieve him from all duty and responsibility. His duty to look ahead never ceases. And when looking, if he observes a danger that is open and obvious and such danger that a reasonably prudent person observing the danger would avoid it, the duty is placed on him of taking the steps available to him of avoiding same. The right of way did not relieve Pittman of the necessity of exercising caution. Calamia v. National Hosiery Mills et al. (La.App.) 164 So. 146; Franz v. Shushan, 14 La.App. 465, 131 So. 591; Bagert v. Maestri et al., 18 La.App. 94, 131 So. 863. From the speed of the respective cars, it is apparent that the Carp car was near the intersection as it was observed, even to the extent of gauging its speed, by Pittman. The proximity of the Carp car, the speed it was making, and the fact that it proceeded at the same rate of speed after Pittman sounded his horn should have caused him to sound his horn again, to stop, or at least to deviate from his course enough to avoid being struck by the oncoming car. All of these courses were open to him, but he failed to avail himself of either of them. He observed the proximity and speed of the Carp car, and the distance of defendant Carp's car from the intersection was so short that a prudent and careful driver should have known of the danger of attempting to negotiate the intersection in the path of this danger. The fact that Pittman was on the right of way street did not justify him in proceeding from his point of security into a position that was obviously dangerous. One is not justified in forcing his position on the right of way street, and, when he tries to beat the car on the less favored street across the intersection and fails, it cannot be said that he is not negligent. The court is of the opinion that Pittman could have prevented the collision by the exercise of reasonable diligence, that he was guilty of negligence in not exercising same, and that his negligence directly and proximately contributed to the cause of the collision.

"Counsel for plaintiff contends that this is a case for the application of the doctrine of the last clear chance. The theory of this doctrine is that the negligence of plaintiff should not bar him from recovery in those cases where the defendant might, by the exercise of reasonable prudence, have avoided the consequences of the negligence of plaintiff. The doctrine is not invoked in those cases where there was concurrent negligence or where the injured party's negligence continued up to the very moment of the injury and where the exercise of reasonable diligence and prudence would have warned him of the danger and enabled him to escape by his own act. Jordan v. Katz & Besthoff, 15 La.App. 500, 132 So. 380, 381; Bayer v. Whitley, 18 La.App. 443, 138 So. 702; Harrison v. Louisiana Western Railroad Co., 132 La. 761, 61 So. 782; Castile v. O'Keefe, 138 La. 479, 70 So. 481; Babbitt on Motor Vehicle Law (4th Ed.) pages 1068, et seq. In the Jordan Case, supra, the court said: 'As we understand it, the doctrine can only apply where the fault of the plaintiff has become an accomplished fact, but where it has ceased activity, and where the commission of the fault has already placed him in a position of danger from which he is unable to extricate himself, and the predicament in which he has placed himself through his own fault was seen by the defendant, or should have been seen by him, in time to avoid the injury; but we understand that, where the fault of the plaintiff is a continuing fault, the doctrine cannot be successfully invoked.' Both the Jordan Case and the Harrison Case, supra, quote with approval: 'This so-called exception to the rule of contributory negligence (i. e., the doctrine of "last clear chance") will not be extended to cases where the plaintiff's own negligence extended up to and actually contributed to the injury. To warrant its application there must have been some new breach of duty on the part of the defendant subsequent to the plaintiff's negligence.' A. & E. E. of L.

Suppl. vol. 2, page 64, notes 4 and 5. The court is of the opinion that the negligence of Pittman continued up to the very moment of the collision and contributed to the injury, and that the doctrine of the last clear chance is, therefore, not applicable.

"If we were permitted to apply the doctrine of comparative negligence and weigh the negligence of defendant Carp, with that of the driver of the Pittman car, we would have no hesitancy in reaching the conclusion that the negligence of the driver of the Pittman car was not as gross as that of Carp. But the doctrine of comparative negligence does not prevail in this state, but the rule is that, regardless of the extent of defendant's negligence, plaintiff cannot recover if his own negligence was to some extent the proximate cause of the accident. Belle Alliance Co. Ltd. v. Texas & P. R. Co., 125 La. 777, 51 So. 846, 19 Ann.Cas. 1143."

Judgment affirmed.