ELLIS, Judge.
This is an action for the wrongful death of Mrs. Jennie Yates, brought by her seven children, J. Leon Yates, O. Gilbert Yates, Will J. Yates, Talmadge Yates, Mable Yates Wallace, Emmie Yates Brumfield, and Gertrude Yates. The death occurred on a gravel road known as the Penn Road which runs north and south in front of the home of the deceased.
Petitioners allege that on January 14, 1954 at approximately 6:30 < P.M. their mother was run down, severely injured and killed from the reckless operation of an automobile operated by Jewel C. Booty with Robt. L. Booty and O. J. Diddon being occupants of the automobile. The deceased met her death by being run over violently by an automobile traveling at an excessive rate of speed. Petitioners alleged that the doctrine of res ipsa loquitur applies. Pleading in the alternative, they further alleged specific acts of negligence as follows:
*45 “A. In traveling at a speed in excess of 60 miles per hour on a country-road where children, livestock, automobiles and pedestrians frequent.
“B. In operating their automobile at a fast and unlawful rate of speed without having the same under control in order to enable the driver to stop by appearance of danger;
“C. In not seeing what he should have seen, or if in seeing, in failing to heed;
“D. In failing to keep the proper outlook and in not checking his speed in passing a parked automobile where pedestrians and occupants were stopped and talking;”
The occupants were alleged to be on a joint mission and venture and were guilty of reckless and wanton negligence in failing to see or to cause the driver to check his speed. The deceased was allegedly guilty of no negligence or, in the event she was found to be negligent, then petitioners pleaded that the doctrine of last clear chance applied and that defendants did or should have discovered the peril to deceased and could have, with reasonable care, avoided her death.
Answer was filed denying each allegation of plaintiffs’ petition and further alleging that the defendants, Robt. L. Booty and O. J. Diddon, were riding with Jewel C. Booty who was operating his vehicle in a northerly direction on Penn Road in a careful and prudent manner. They alleged that the automobile was in the proper lane and proceeding at a speed of approximately 30 miles per hour. A truck was parked on the west side of the road facing in a southerly direction with its lights burning. Jewel C. Booty requested • dimmers from the truck and slowed to 25 miles per hour to safely pass. When he had almost passed the truck the deceased, Mrs. Jennie Yates, ran out on the roadway from behind the truck and stepped directly in the path of the defendant’s automobile, without warning or giving him an opportunity to see and observe her. Defendants alleged that they were not negligent in any respect and alternatively that if they were found to be negligent that the deceased was guilty of contributory negligence.
Exceptions of no cause or right of action were filed by defendants. There was no trial or hearing of these exceptions and it is assumed that they were referred to the merits.
The lower court found that petitioners failed to carry the burden of proof, and also failed to definitely establish the primary negligence of defendants, and plaintiffs have appealed.
We conclude from a careful study of the record that the facts are as follows:
First, it was clearly shown that the deceased, Mrs. Jennie Yates, did in fact run into the road and the path of the oncoming automobile as her son Will was leaving. There was a conflict in testimony between witnesses for petitioners and defendants as to how far Will Yates’ truck had traveled when the deceased was struck by the Booty automobile. Talmadg.e Yates, the only eye witness offered by plaintiffs, testified substantially that his brother’s truck had entered the road and was moving in a southerly direction, after his brother had finished talking to his mother. The truck had traveled 125 feet when it passed the Booty auto traveling at around 60 miles per hour which was too fast to stop in time to avoid striking the deceased. Talmadge Yates further testified that his mother was knocked 100 feet by the impact and that the defendant’s auto skidded 100 feet before hitting a log pile where it stopped.
It was apparent after reviewing the entire testimony for both sides that Tal-madge Yates had greatly exaggerated the speed of the automobile, the distance his mother was thrown by the impact, and the distance that the Booty automobile skidded.
*46 There were eleven witnesses produced by plaintiffs, yet none of them testified, although questioned on the subject, as to the distance from the point of impact to where the body lay or where the defendant’s automobile stopped. Defendants on the other hand testified positively that they skidded a total of 20 feet, fifteen prior to striking the deceased and only five feet after striking her. It follows that not only did the plaintiffs fail to bear the burden of proof but that the testimony was decidedly in favor of the defendants. The driver of the automobile testified that he was traveling at a rate of 30 or 35 miles per hour at the top of the hill. He saw the truck at the side of the road pulling onto the road with its bright lights shining. The truck was a distance of 150 feet as the automobile came over the hill and the driver testified that he applied his brakes, thus reducing his speed and “asked for dimmers” from the truck. He judged his speed to be around 20 miles per hour when he passed the truck and on seeing an object to his left he applied his brakes, skidding 15 feet. The automobile then struck the object and skidded five feet into a ditch just to the right, coming to rest against a log pile. Assuming that this defendant’s testimony is true, it is supported by a reference to charts made for judging ability to stop at certain speeds. The chart referred to is found in Blashfield’s Cyclopedia, Vol. 9, § 6237, and this chart, inter alia, shows that an automobile with good brakes traveling at a speed of 20 miles per hour is capable of stopping in eighteen feet.
The plaintiffs have strenuously urged in their brief that the defendants had the last clear chance of avoiding the accident. The cases cited by plaintiffs in support of this position are inapplicable on their facts. In none of the cases was the question of an obstruction, such as a truck and blinding lights, raised. Also, all of the cases cited by plaintiffs involved accidents occurring during daylight hours at intersections.
Plaintiffs cited Synigol v. Oury, 17 La. App. 163, 134 So. 324 as authority but the facts in that case are in no manner similar to those in the present case. A wagon had entered an intersection and almost crossed the intersection when its rear end was struck by the defendants. The accident occurred at 10 A.M. and there were no obstructions to defendant’s view. The Court ruled that had defendant maintained a proper lookout plaintiff’s wagon would have been observed and the accident avoided. The other cases cited by plaintiffs had similar facts to the Synigol case, supra, and are therefore inapposite. They are as follows: Payton v. Great American Indemnity Co., La.App., 83 So.2d 575; Cox v. Gross, La.App., 47 So.2d 102; O’Connor v. Chicago, R. I. & P. Railway Co., La.App., 40 So.2d 663; Moore v. Nola Cabs Inc., La.App., 70 So.2d 404; Prine v. Continental Southern Lines, La.App., 71 So.2d 716.
Under the facts and circumstances of the case under consideration the defendants cannot successfully be charged with the last clear chance.
For the above and foregoing reasons the judgment of the District Court is affirmed.